**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ROGER L. FOWLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:25-cv-00113-CMS** |
| | ) | |
| **FRANK J. BISIGNANO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORDANDUM AND ORDER**

Plaintiff Roger Fowler brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits and a Period of Disability under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. (Doc. 1 at 1). For the reasons stated below, the Commissioner's decision is **AFFIRMED**.

**BACKGROUND**

*Five-Step Analysis Used by the Social Security Commission*

When reviewing a claim under 42 U.S.C. § 405(g), the Commission applies a five-step sequential test. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Teabeau v. Kijakazi*, No. 4:21-CV-703-NCC, 2022 WL 4598672, at *2 (E.D. Mo. Sept. 30, 2022) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). "The claimant has the burden of proof to show [he] is disabled through step four," with the burden of

production shifting to the Commissioner at Step Five. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). "The ultimate burden of persuasion to prove disability, however, always remains with the claimant." *Young v. Apfel*, 221 F.3d 1065,1069 n.5 (8th Cir. 2000).

The first step is an evaluation of whether the claimant is engaging in work activity and whether any such work constitutes "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* Second, the Commissioner must examine the evidence to determine whether the claimant suffers from a severe "impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing 20 C.F.R. § 416.920(c)). Third, the Commissioner evaluates the severity of the impairment, and if the impairment crosses a threshold set forth in the regulations, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the impairment is found to be severe but does not meet the threshold required for a presumptive finding of disability in Step Three, the Commissioner assesses the claimant's "residual functional capacity" ("RFC") to perform sustained work based on the evidence in the record. Sections 416.920(e), 416.945; *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996) (stating the SSA's policy interpretations regarding the RFC assessment). Following the determination of the claimants' RFC, the Commissioner assesses whether the claimant can perform the requirements of his past relevant work. 20 C.F.R. § 416.920(f). If so, the claimant is not disabled. *Id.*

Finally, at Step Five, the Commissioner determines whether the claimant can make adjustment to other work, given the claimant's residual functional capacity, age,

education, and work experience. Section 416.920(a)(4)(v). If the claimant can make such adjustment, he is not disabled. *Id.* Further, if a claimant reaches Step Five, the Social Security Administration must meet a limited burden of providing evidence "that other work exists in significant numbers in the national economy that [claimant] can do." Section 416.960(c)(2).

*Factual Background*

Plaintiff Roger L. Fowler is an adult living in Neelyville, Missouri. (Doc. 1 at 1). On April 16, 2024, Plaintiff filed an application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act. *Id.* Plaintiff suffers from severe impairments of partial amputation of the right great toe, obesity, schizophrenia, and neurocognitive disorder. (Tr. 15).

The Administrative Law Judge ("ALJ") held a hearing on December 10, 2024, and issued a decision on March 7, 2025. (Doc. 7, Ex. 1 at 6). The ALJ found in Step One that Plaintiff had not been engaged in substantial gainful activity since the onset of his disability, in Step Two that Plaintiff suffers from severe impairments of partial amputation of the right great toe, obesity, schizophrenia, and neurocognitive disorder, and in Step Three that these conditions did not meet the threshold for an automatic finding of disability. (Doc. 7, Ex. 1 at 6); *see also* 20 C.F.R. 404.1520(d), 404.1525, 404.1526. In Step Four, the ALJ found that Plaintiff had the following RFC:

> Perform medium work as defined in 20 CFR 404.1567(c) except: he should perform no fast-paced production work, but is able to learn, remember, and carry out simple, routine tasks. He is able to use reason and judgment to make simple, routine work-related decisions. He is able to work at an appropriate and consistent pace while performing simple, routine tasks. He

> is able to complete simple, routine tasks in a timely manner. He is able to ignore or avoid distractions while performing simple, routine tasks. He must have only gradual changes in job setting and duties. He is able to sustain an ordinary routine and regular attendance at work while performing simple, routine tasks. He is able to work a full day without needing more than the allotted number or length of rest periods during the day while performing simple, routine tasks. He can have only occasional contact with the general public. He is able to occasionally work close to or with coworkers and supervisors without interrupting or distracting them while performing simple, routine tasks.

(Tr. 18).

In Step Five, the ALJ found that Plaintiff was unable to return to his past relevant work. (Tr. 23). The ALJ found, citing testimony of the vocational expert, that Plaintiff could perform the requirements for other medium jobs "such as" a hand packager, order picker, or laundry worker. (Tr. 24). Accordingly, the ALJ concluded that Plaintiff is not disabled. (Tr. 24).

*Procedural History*

After Plaintiff exhausted his administrative remedies, he filed his Complaint in this matter on June 25, 2025. (Doc. 1). Defendant Bisignano filed the certified transcript on August 21, 2025. (Doc. 6). Both parties subsequently filed briefs. (Docs. 7, 10, 11). Plaintiff's Social Security Brief challenges the ALJ's determination primarily on two grounds: (1) The ALJ failed to properly articulate her consideration of the medical opinions of Dr. Schell and Dr. Murray relating to Plaintiff's ability to stand and/or walk for about six hours, and failed to include those limitations in the RFC, and (2) the ALJ's Step Five finding that the Plaintiff can perform other jobs in the national economy is not supported by substantial evidence. (Doc. 7 at 1).

## LEGAL STANDARD

The factual findings of the Commissioner are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405; *see also Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The United States Supreme Court identifies "substantial evidence" as a term of art and directs a court using that standard to identify whether there is "sufficient evidence" in the existing administrative record "to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019).

The standard for substantial evidence is not high. *Id.* at 103. The Supreme Court requires only "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We will not reverse an administrative decision simply because some evidence may support the opposite conclusion. . . . we must affirm the denial of benefits if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (citation modified).

## ANALYSIS

### I. The ALJ properly evaluated Dr. Schell and Dr. Murray's medical opinions and incorporated their standing and walking limitations in the RFC.

The ALJ thoroughly considered the medical opinions and incorporated them in her RFC of medium work. Medium work is defined as requiring standing and walking off and on for six hours of an eight-hour day. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6. When an ALJ finds an RFC of medium work and does not list specific

standing and walking limitations, this Court has held that the ALJ has "instead found that Plaintiff was not limited in those areas beyond the exertional requirements of medium work." *Force v. Kijakazi*, No. 4:22-CV-1330 JSD, 2023 WL 3816673, at *5 (E.D. Mo. June 5, 2023) (citing *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (ALJ's decision implicitly found that Plaintiff had no limitations in sitting, standing, and walking, and there was no reason to remand for more explicit findings in the form of a function-by-function analysis).

This Court notes that, in *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994), the Eighth Circuit favorably cited Social Security Ruling 83-10 for the proposition that medium work is limited to "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time." *Hajek*, 30 F.3d at 92 (quoting SSR 83-10).

Over the course of these proceedings Plaintiff's physical condition has improved somewhat. *Compare* (Tr. 21, 77–78) *with* (Tr. 21, 86–87). But neither Dr. Schell nor Dr. Murray ever determined that Plaintiff was unable to perform medium work. *Id.* Rather, the medical records explicitly refer to the regulations for medium work and list "medium" as the Plaintiff's RFC. (Tr. 78, 88).

The ALJ considered these determinations and found them persuasive, though she did not adopt the medical opinions in their entirety. (Tr. 21) (explaining which sections she found unpersuasive and why). The ALJ specifically analyzed Plaintiff's ability to walk in great detail. (Tr. 20). The ALJ considered Plaintiff's obesity, activity levels,

strength, and lack of motor deficits. (Tr. 21). The ALJ, as well as the medical opinions, agreed that Plaintiff could perform the full lifting, carrying, standing, walking, and sitting requirements for medium work (Tr. 18, 77, 86). She found the medical opinions consistent and "supported by the objective medical evidence, the longitudinal treatment history, and the [Plaintiff's] testimony." (Tr. 21–22). The opinions are bolstered by the medical evidence of record which shows that Plaintiff walked daily, worked out at the gym one to two days per week, and had a stable gait. (Tr. 20, 277, 280-281, 428, 545).

The ALJ determined from all the evidence that Plaintiff could perform medium work including standing and walking every day. (Tr. 22). The ALJ's thorough opinion and the definition of medium work make clear that the medical opinions were considered and incorporated into the RFC to the extent the ALJ found them persuasive.

**II. The ALJ properly concluded at Step Five that Plaintiff was not disabled.**

The ALJ's conclusion that there are jobs in the national economy to which Plaintiff could adjust is supported by substantial evidence. The threshold for substantial evidence is minimal. *See Biestek*, 587 U.S. at 103. Also, ALJs are permitted to pose hypotheticals to vocational experts and rely on the responses in forming their conclusions. *See Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005).

After determining that Plaintiff had a residual functional capacity that allowed him to complete medium work, that is, standing and walking about six of eight hours a day, the ALJ determined that there were medium work jobs in existence in the economy. (Tr. 23). In drawing this conclusion, the ALJ at least partially relied on the vocational expert's testimony that a hypothetical person with Plaintiff's specific limitations could perform

various occupations in the national economy. (Tr. 24). The vocational expert referred to a non-exhaustive list of "representative occupations *such as*" hand packager, order picker, and laundry worker. (Tr. 24) (emphasis added). The ALJ more broadly concluded that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and thus was not disabled. (Tr. 24).

Plaintiff asserts that because there is evidence both for and against his ability to perform the three exemplary jobs listed by the vocational expert, there is not substantial evidence that sufficient jobs exist that he can perform in the national economy. (Doc. 7 at 9). Plaintiff's assertion is incorrect.

While Plaintiff relies heavily on his cross examination challenging the vocational expert's choice of the examples of hand packager, order picker, and laundry worker, Plaintiff does not otherwise allege, much less establish, that the vocational expert was incorrect that sufficient medium work jobs existed in the national economy. (Tr. 41).

The vocational expert testified that someone with the idiosyncrasies of Plaintiff could perform jobs in the national economy like the three listed. (Tr. 40–41). The vocational expert also testified on cross examination that someone who sat for two hours a shift could not perform those particular jobs. (Tr. 41). Whether the vocational expert meant that Plaintiff could not actually perform the jobs the vocational expert had said Plaintiff could perform, *see* (Doc. 7 at 9), or that the vocational expert did not believe Plaintiff would be required to sit for two hours a shift, and thus could perform medium jobs such as the three listed, (Tr. 41), is unclear from the testimony.

At best for Plaintiff, the vocational expert's testimony in this regard is merely "some evidence [that] may support the opposite conclusion. . . . [but] we must affirm the denial of benefits if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (citation modified). Also, setting aside the vocational expert's reference to three exemplary jobs, the vocational expert more broadly concluded that a hypothetical person with Plaintiff's specific limitations could perform various occupations in the national economy. The vocational expert's testimony, taken with the medical testimony on the record, satisfies the minimum threshold of substantial evidence.

## CONCLUSION

Because substantial evidence supports the Social Security Commissioner's conclusions and there was no error in the application of the relevant legal standards, the Court **AFFIRMS** the Commissioner's decision.

Dated this 18th day of September 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE